### CITY OF NEW ORLEANS v. GURLEY.

(Circuit Court, E. D. Louisiana. May 25, 1893.)

No. 12,085.

MUNICIPAL CORPORATIONS—DRAINAGE—CONSTRUCTION OF LAWS.

By Act No. 30, Acts La. 1871, p. 75, the whole matter of drainage in New Orleans was transferred from the drainage commissioners appointed under prior acts to the city itself; and section 9 thereof required the commissioners to transfer all moneys, real estate, and other property under their control to the city board of administrators. The section then provides that "all property not money, so received, shall be held in trust for the payment of said Mississippi and Mexican Gulf Canal Company, [a creditor of the drainage fund,] and ultimately for the benefit of New Orleans, should the same not be required for the work of drainage." *Held,* that the intent of the act was that so long as any property, other than money, was required for drainage purposes, it should be held and used for that purpose by the city.

In Equity. Bill by the city of New Orleans against J. W. Gurley, receiver of the drainage fund, to compel the reconveyance to the city of the drainage machine and the ground on which it is located. Decree for complainant.

E. A. O'Sullivan, City Atty., and Henry Renshaw, Asst. City Atty., for the city of New Orleans.

Richard De Gray, for J. W. Gurley, receiver.

BILLINGS, District Judge. This cause is submitted for final decree on the bill, answer, exhibits, and depositions. It grows out of the drainage system for the city of New Orleans. In the 50's the legislature of Louisiana formed a drainage system. A tax was levied once for all upon all the property affected by the drainage system, and commissioners were appointed. Subsequently these commissioners were changed, but the matters connected with the drainage remained in the hands of the drainage commissioners down

to the year 1871, when the legislature, by Act No. 30 of the Acts of 1871, p. 75, transferred the whole matter of the conduct of the drainage, its appliances, and the management of the funds connected therewith, to the city of New Orleans.

The question that is presented here comes up in this way:    A receiver has been appointed for the creditors of the drainage fund. The city of New Orleans has transferred to that receiver all the property it received from the drainage commissioners.    Among the things transferred to the city was the drainage machine known as the "Dublin Street Drainage Machine," with the square of ground upon which it is situated, bounded by Fourteenth, Madison, Collipytha, and formerly Adams, now Dublin, streets.

This is a suit by the city to compel from the receiver a reconveyance to itself, as trustee of the drainage matters, of this drainage machine and this square of ground.    The decision of the question presented depends upon the construction of the ninth section of the act of 1871, above referred to.    That section provides that the drainage commissioners shall transfer to the board of administrators of New Orleans all the moneys, assessments, and claims of drainage in their hands or under their control, all titles, real estate, all books, plans, tableaux, judgments in favor of commissioners, the office furniture of said drainage machines, etc.    After making provision for the money and the assessments there follows this clause:

"And that all property not money so received shall be held in trust for the payment of said Mississippi and Mexican Gulf Canal Company, and ultimately for the benefit of New Orleans, should the same not be required for the work of drainage."

I think that the conditional clause, "should the same not be required for the work of drainage," was intended to apply alike to the payment of the creditor and to the ultimate holding for the benefit of the city; that the intent of the legislature was that, so long as any property not money thus transferred to the city from the drainage commissioners should be required for the work of drainage, it was to be held and used by the city for that purpose.    To state the proposition in another way, that it was not until it should not be required for the work of drainage that it should be held in trust for the payment of the obligations of the drainage system, and ultimately for the benefit of New Orleans, independently of the drainage.

This brings me to the consideration of the testimony.    The testimony shows that this machine and square upon which it is located are required for the work of drainage.    The testimony is from very competent engineers and other witnesses who testify that without this machine one-third or thereabouts of the area of the city would be liable to be inundated, and possibly submerged.    There can be no doubt from the evidence in the cause that the machine and square of ground are necessary for drainage purposes; in the language of the statute, are required for the work of drainage.    The legislature, when it required the conveyance to the city from the drainage commissioners, having placed this property in the condition of property which, so long as the circumstances established

by the evidence continue, was to be held by the city and used for drainage purposes, it follows that the city is entitled to and ought to hold the same for that purpose.

The decree must be, therefore, that the receiver reconvey to the city of New Orleans the said drainage machine and the square of land upon which it is situated, to be held by it according to the terms of the act of 1871, § 9.